**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| eCAPITAL HEALTHCARE CORP., |
| |
| Plaintiff, |
| |
| v. |
| |
| ATLANTIC HOSPICE, INC., ANGELIC HEALTH OF SC LLC, ANGELIC PRACTICE MANAGEMENT LLC, ANGELIC HEALTH OF PA, LLC, and ANGELIC PALLATIVE CARE OF SC, LLC, DANIEL MIKUS AND LEONARD KOLTMAN, |
| |
| Defendants. |

**MEMO ENDORSED**
at page 7

Civil Action No. 1:25-cv-04931

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO SONG RAMIN PLLC'S MOTION TO WITHDRAW AS COUNSEL**

Pursuant to this Court's Order [Dkt. 105], Plaintiff eCapital Healthcare Corp. files this Response to Song Ramin PLLC's Motion to Withdraw as Counsel [Dkt. 103-04], and respectfully states as follows:

**INTRODUCTION**

1. Plaintiff does not oppose Song Ramin PLLC's request to withdraw as counsel so long as the withdraw results in no stay of these proceedings or delay in this action. Accordingly, Plaintiff does oppose Song Ramin PLLC's request to stay. Defendants' pattern of delay is well-documented. They should not be rewarded further delay because they failed and refused to pay their own attorney.

1

30694671v2 100940.002.00

## FACTUAL BACKGROUND/PROCEDURAL POSTURE

**(a)     Defendants have cycled through multiple attorneys.**

2.      On June 11, 2025, Plaintiff filed its Original Complaint [Dkt. 1]. By June 25, prior counsel for Defendants reached out to non-litigation counsel for Plaintiff and asked for a 60-day stay to repay the loan at issue. On or around July 1, 2025, Plaintiff responded that it will be open to discussing the possibility of extending the deadlines for initial pleadings, but there would have to be a forbearance payment on the loan and monthly installments in exchange. No agreement was reached and payments on the loan stopped.

3.      Plaintiff initially served all but one Defendant on or around July 11, 2025, and subsequently filed the returns of service. *See* [Dkts. 11-16].

4.      On or around August 1, 2025, Plaintiff's counsel talked with Defendants' prior counsel about accepting service for the final Defendant and about Defendants' answers, which had not been filed. Defendants' prior counsel stated he intended to represent Defendants in this lawsuit. On or around the same day, that attorney requested a courtesy extension of the time to answer and requested an updated payoff statement.

5.      On August 4, 2025, Plaintiff's counsel indicated to prior counsel that Plaintiff would agree to an extension of the answer deadline to August 11, 2025 in exchange for prior counsel's agreement to accept service for all Defendants. Plaintiff's counsel followed up again on August 14, 2025, and provided an updated payoff statement that prior counsel requested. Plaintiff's counsel notified Defendants' prior counsel that they had neither responded nor answered and inquired as to whether Defendants planned to take defaults. Another attorney at prior counsel's firm responded that they were previously mistaken and are ***not*** representing Defendants in this matter.

2

6.      After that, Plaintiff re-served all Defendants. By September 17, 2025, all Defendants were personally served or re-served through their respective registered agents and/or officers.

7.      On October 1, 2025, a second attorney reached out on behalf of Defendants stating Defendants retained his office to file an answer and asked when answers were due and/or for a reasonable extension if necessary. Plaintiff's counsel responded that the latest answer deadlines were upcoming on October 9, 2025.

8.      On October 8, 2025, the second attorney conveyed a settlement offer. Plaintiff rejected it and countered the following day. After acknowledging receipt of the counteroffer, Defendants' second attorney went silent and to date, has not responded. After that, Plaintiff filed requests for entries of default of the Defendants.

**(b)      Defendants' only strategy is delay.**

9.      On October 24, 2025, Mr. Ramin – Defendants' third counsel who is now seeking to withdraw – reached out requesting a stipulation to withdraw the certificates of default and an extension of the answer deadline. Plaintiff's counsel replied that Plaintiff was not in a position to waive defaults, but offered to confer. The clerk filed the Clerk Certificates of Default for all Defendants on November 3-4, 2025. Also on November 4, 2025, counsel for Defendants filed a Request for Pre-Motion Conference for Leave to File Late Answer.

10.     The Court held a pre-motion conference on Defendants' Request for Leave to File a Late Answer on December 3, 2025, and on the same day, entered an order vacating the Clerk's previously issued certificates of default and allowing Defendants to file an answer [Dkt. 83].

11.     Plaintiff subsequently served Requests for Admission, Requests for Production and Interrogatories, on each of the Defendants on January 27, 2026. On February 27, 2026, Defendants

3

served their responses to Plaintiff's Requests for Admission and to date, have failed to respond to Plaintiff's remaining discovery requests. Plaintiff further sent a discovery deficiency letter to Defendants which failed to yield additional responses.

12.     On May 6, 2026, this Court held a pre-motion conference permitting Plaintiff to file its Motion for Summary Judgment as well as permitting counsel for Defendant to proceed with its request to withdraw as counsel.

13.     Plaintiff filed its summary judgment papers on May 6, 2026.

14.     Defendants' deadline to file a response to Plaintiff's motion for summary judgment was May 27, 2026. Defendants failed to file a response.

15.     Instead, on May 26, 2026, counsel for Defendants filed its present Motion to Withdraw to which the Court ordered Defendants to respond by June 4, 2026.

### ARGUMENT AND AUTHORITIES

16.     District courts have broad discretion in deciding a motion to withdraw. *Escon Constr. Group Plc v Fastenal Co.*, 583 F Supp 3d 381, 384 [EDNY 2022].

17.     "In deciding a motion to withdraw as counsel, courts may consider (1) the reasons for the withdrawal and (2) the impact withdrawal will have on the timing of the proceeding." *Id*.

18.     When a summary judgment is pending, courts have recognized the prejudice that would result in allowing a party's counsel to withdraw prior to completion of briefing. *Sound Around, Inc. v Friedman*, 24-CV-1986 (DLC) (KHP), 2025 WL 3281434, at *2 [SDNY Nov. 25, 2025] ("In particular, the Court is concerned that summary judgment briefing would be impacted if it granted the withdrawal at this time before briefing is concluded…! Given the ongoing summary judgment briefing, the Court will require Petitioner to continue to represent the Executive Defendants until Petitioner has made all summary judgment filings sufficient to follow

30694671v2 100940.002.00

through on its stated strategy. If the Court granted leave to withdraw any sooner, it would substantially prejudice all parties and delay resolution of this contentious, expensive, long-pending case."); *see also Benvenisti v City of New York*, 04CIV3166JGK/RLE, 2006 WL 44039, at \*1 [SDNY Jan. 6, 2006] ("The resolution of the summary judgment motion pending before the Court, however, would be delayed by [Plaintiff's] efforts to obtain new counsel or his continued participation in this case as a pro se litigant. The Court finds that a determination on the motion should not be delayed by counsel's withdrawal. To expedite the resolution of this case, counsel shall submit a response to defendant's summary judgment motion. After a responsive pleading is filed, the firm will be allowed to withdraw as counsel.").

19.     Here, Plaintiff does not oppose Song Ramin PLLC's withdrawal as counsel for Defendants so long as these proceedings are not stayed. If the Court is inclined to grant a stay as a result of the withdraw, then Song Ramin PLLC should not be allowed to withdraw. For the same reasons, Song Ramin PLLC's request for a fourteen-day stay while Plaintiff's summary judgment is currently pending should be denied.[1]

20.     Defendants are on their third counsel in this case.  And each time Plaintiff has attempted to move the case forward – whether via service of the Petition, moving for default, or moving for summary judgment – Plaintiff has been hindered by Defendants' supposedly repeated failure to communicate with their counsel or participate in this lawsuit. The Court should not reward Defendants' failure to communicate with or pay their attorney by indulging further delay.

**CONCLUSION**

21.     WHEREFORE, Plaintiff respectfully requests that the Court deny Song Ramin,

---

[1] While this Court did authorize Song Ramin PLLC to file its Motion to Withdraw at the pre-motion conference held on May 6, 2026, based on counsel's recollection, the Court did not grant Song Ramin PLLC permission to file a motion for stay or continuance.

5

PLLC's motion to stay and grant its motion to withdraw only if granting the motion to withdraw results in no stay or delay. If this Court will not grant Song Ramin PLLC's Motion to Withdraw without also granting a stay, Plaintiff opposes Song Ramin PLLC's withdrawal as counsel for Defendants in this case.

Dated: June 3, 2026

Respectfully submitted,

**CONDON TOBIN SLADEK SPARKS NERENBERG, PLLC**

*/s/ Jared T.S. Pace*
Aaron Z. Tobin (admitted *pro hac vice*)
Texas Bar No. 24028045
atobin@condontobin.com
Jared T.S. Pace (admitted *pro hac vice*)
Texas Bar No. 24079098
jpace@condontobin.com
A. Gage Taylor (admitted *pro hac vice*)
Texas State Bar No. 24123906
gtaylor@condontobin.com
8080 Park Lane, Ste. 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311
**ATTORNEYS FOR eCAPITAL HEALTHCARE CORP.**

6

30694671v2 100940.002.00

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 7.1(c), this certifies that the foregoing brief contains less than 8,750 words (excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates) as reported by the word processing software used to prepare this filing.

This the 3rd day of June, 2026.

/s/ Jared T.S. Pace
Jared T.S. Pace

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June 3, 2026.

/s/ Jared T.S. Pace
Jared T.S. Pace

Song Ramin PLLC's Motion to Withdraw is granted. Defendants must file any opposition by June 17, 2026. Plaintiffs must file their reply by June 24, 2026. The Civil Case Discovery Plan and Scheduling Order at Document 102 remains in effect.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: June 4, 2026
New York, New York

7

30694671v2 100940.002.00